IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| IN RE: ) | |
| ) | |
| DIANA HOLLAND, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| DIANA HOLLAND, ) | No. 06 C 5424 |
| ) | |
| Appellant, ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | |
| ROY SAFANDA, Chapter 7 ) | |
| Trustee for the Estate of ) | |
| Diana Holland, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

Diana Holland appeals from a final order of the bankruptcy court upholding the trustee's objection to an exemption she claimed for real property in Florida. For the reasons set forth below, the bankruptcy court's order is reversed.

## Background

On October 15, 2005, Holland filed a petition for bankruptcy pursuant to Chapter 7 of the bankruptcy code, claiming Illinois as her domicile. (R. at 58.) Among others, plaintiff claimed in her petition an exemption pursuant to 11 U.S.C. § ("section") 522(b)(3)(B) for property in Florida that she owns in tenancy by the entirety with her husband. (*Id.* at 129.) She argued that she was

entitled to the exemption because tenancy by the entirety property is exempt from process under Florida law. (*Id.*)

The trustee objected to the exemption, arguing that the exemption law of Holland's domicile state, Illinois, not that of Florida, controlled. (*Id.* at 21-23.) Illinois law exempts property held in tenancy by the entirety only if it is a homestead. *See* 735 Ill. Comp. Stat. 5/12-901; 765 Ill. Comp. Stat. 5/12-901. Because Holland does not reside on the Florida property, the trustee contended that she could not claim the tenancy by the entirety exemption. (R. at 21-23.)

Following the trustee's lead, the bankruptcy court applied Illinois law to Holland's claimed exemption and sustained the trustee's objection. (*See* 8/10/06 Hr'g Tr., pt. 1 at 2-4; 8/10/06 Hr'g Tr., pt. 2 at 2-6.) This appeal followed.

## Discussion

The bankruptcy court's interpretation of the tenancy by the entirety exemption of section 522(b)(3)(B) is an issue of law subject to *de novo* review. *See In re Ebbler Furniture & Appliances, Inc.*, 804 F.2d 87, 89 (7th Cir. 1986). Statutory interpretation begins with the language of the statute and, if the language is unambiguous, "it ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). To determine whether the contested language has a plain and unambiguous meaning, the Court considers not only the language itself, but also "the context in which [it] is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

In relevant part, section 522 provides:

2

(b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. . . .

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

(3) Property listed in this paragraph is--

>  (A) . . . any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or . . . the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;
>
>  (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant *is exempt from process under applicable nonbankruptcy law*; and
>
>  (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(b) (emphasis added).

Viewed in isolation, "applicable nonbankruptcy law" could mean exemption law of the debtor's domicile state, as the trustee argues and the bankruptcy court implicitly held. (8/10/06 Hr'g Tr., pt. 1 at 2-4; 8/10/06 Hr'g Tr., pt. 2 at 2-6); *see In re Giffune*, 343 B.R. 883, 896 (Bnkr. N.D. Ill. 2006) ("Thus, the Court concludes that 'applicable nonbankruptcy law' referenced in § [522(b)(3)(B)] is tied to exemptions allowable in the relevant state opting out of the federal exemptions, which in this case is Illinois."); *In re Anselmi*, 52 B.R. 479, 493 (Bnkr. Wyo. 1985)

3

(holding that "applicable nonbankruptcy law" that applied to debtor's claim of exemption for entirety property located in Mexico was the law of the debtor's domicile state). But read in the context of section 522 in particular and the bankruptcy code in general, that interpretation is untenable.

Section 522(b) authorizes debtors like Holland, whose domicile states have opted out of the bankruptcy code exemptions, to claim as exemptions: (1) any property that is exempt under federal nonbankruptcy law or the state or local law of the debtor's domicile (paragraph (b)(3)(A)); (2) any interest in property that the debtor has as a tenant by the entirety or joint tenant to the extent that interest "is exempt from process under applicable nonbankruptcy law" (paragraph (b)(3)(B)); and (3) retirement funds that are kept in certain tax-exempt accounts (paragraph (b)(3)(C)). Consequently, if the debtor's domicile state has an exemption for property interests held in joint tenancy, she can claim that exemption pursuant to paragraph (b)(3)(A). If, as the trustee contends, the phrase "applicable nonbankruptcy law" in paragraph (b)(3)(B) means the exemption law of the debtor's domicile state, then that paragraph allows debtors to exempt entirety interests if their domicile states recognize such exemptions – an echo of paragraph (b)(3)(A). In short, the trustee's interpretation renders paragraph (b)(3)(B) meaningless, a violation of one of the basic tenets of statutory construction. *See United States v. Misc. Firearms, Explosives, Destructive Devices & Ammunition*, 376 F.3d 709, 712 (7th Cir. 2004) ("We will not construe a statute in a way that makes words or phrases meaningless, redundant, or superfluous."), *cert. denied*, 544 U.S. 1019 (2005).

The trustee's interpretation is also inconsistent with the structure of section 522(b). The exemptions set forth in paragraphs (b)(3)(A)-(C) are connected by the conjunction "and," evidencing Congress' intent that they be cumulative, not alternative. *See In re McNeilly*, 249 B.R. 576, 580 (B.A.P. 1st Cir. 2000) (stating that debtor is entitled to claim any available exemptions under each

4

subsection of paragraph (b)(3)); *In re Gillette*, 248 B.R. 845, 848-49 (Bnkr. M.D. Fla. 1999) (interpreting section 522(b)(3) to mean "*[i]n addition to* the state law exemption provided in [paragraph (b)(3)(A)], Debtor is *also* entitled under [paragraph (b)(3)(B)] to exclude from his bankruptcy estate any interest in property as a tenant by the entirety or joint tenant to the extent that such interest is exempt under applicable nonbankruptcy law" (quotation omitted)). But the trustee's interpretation, which subsumes the paragraph (b)(3)(B) exemption into that of paragraph (b)(3)(A), frustrates that intent by giving debtors fewer, rather than more, possible exemptions.

The interpretation offered by the trustee also thwarts one of the primary purposes of the bankruptcy code: to give debtors a fresh start. *See In re Smith*, 640 F.2d 888, 891 (7th Cir. 1981) (stating that Bankruptcy Reform Act of 1978 was motivated by the government's "interest in seeing that a debtor [who] goes through bankruptcy comes out with adequate possessions to begin his fresh start" (quotation omitted)). Indeed, as one commentator notes, "by 1970 the fresh start . . . . had developed into perhaps the dominant purpose for bankruptcy, and exemptions in bankruptcy were now recognized . . . as central to the revitalization process that the fresh start idea represented." William J. Woodward, Jr., *Exemptions, Opting Out, and Bankruptcy Reform*, 43 Ohio St. L.J. 335, 342 (1982). To effectuate that purpose, "[e]xemption statutes are . . . construed liberally." *Smith*, 640 F.2d at 891. The trustee, however, does just the opposite, narrowly construing the statute to reduce the number of available exemptions, an approach that conflicts with the purpose of the code.

In sum, the interpretation of section 522(b)(3)(B) offered by the trustee does not comport with the language or structure of section 522, or the philosophy underlying the code as a whole. Thus, the Court holds that "applicable nonbankruptcy law" as it is used in section 522(b)(3)(B) does not mean exemption law of the debtor's domicile.

Of course, that begs the question – what does it mean? There are three possible answers: (1) the law deemed to be controlling by the conflicts principles of the debtor's domicile state, as Holland urges; (2) the law of the state in which the property is located, as some courts have held, *see, e.g., McNeilly*, 249 B.R. at 580-81 ("Unlike the state law governing exemption entitlements under [paragraph (b)(3)(A)], the state law at play in [paragraph(b)(3)(B)] . . . is determined by the situs of the asset that is held by a debtor in bankruptcy as a tenant by the entireties." (quotation omitted)); or (3) the law of the jurisdiction deemed controlling by federal choice of law principles, as other courts have held, *see, e.g., In re Segre's Iron Works, Inc.*, 258 B.R. 547, 551 (Bnkr. D. Conn. 2001) ("In general, a bankruptcy court's choice of applicable law requires the exercise of an informed judgment in the balancing of all the interests of the states with the most significant contacts in order best to accommodate the equities among the parties to the policies of those states." (quotation omitted)).

Unlike the trustee's, each of these three interpretations gives independent meaning to paragraphs (b)(3)(A) and (B). Whether "applicable nonbankruptcy law" means the law deemed controlling by the domicile state's or federal conflicts principles or the law of the situs, the exemptions afforded by the paragraphs are defined differently: (b)(3)(A) exemptions by the law of the debtor's domicile; and (b)(3)(B) exemptions by the law of the situs (chosen directly or through the application of state conflicts principles, *see* Restatement (Second) of Conflicts Laws ch. 9, topic 2, intro. n. at 1 (stating that property disputes are inevitably governed by the law of the situs); or the law of the state with the most significant relationship to the dispute (as dictated by federal conflicts principles, *see In re Gaston & Snow*, 243 F.3d 599, 605 (2d Cir. 2001) ("[F]ederal choice of law rules apply the law of the jurisdiction with the most significant relationship with the action.")).

Moreover, though none of these interpretations ensures that every debtor with tenancy by the entirety property can use the exemptions in both paragraphs (b)(3)(A) and (b)(3)(B), each interpretation effectuates Congress' intent that eligible debtors be allowed to accumulate the exemptions.

Fortunately, we do not have to choose among the options because, in this case, all three yield the same result. Illinois courts follow the Restatement's approach to conflicts and apply the law of the situs, which is Florida, to disputes involving real property interests. *Lake County Trust Co. v. Two Bar B, Inc.*, 606 N.E.2d 258, 262 (Ill. App. Ct. 1992). Florida law also controls under the situs test because that is where the land is located. The same is true under federal choice of law principles, because Florida is the jurisdiction with the most significant relationship to the dispute. Though Holland is domiciled in Illinois and filed her bankruptcy petition here, her only substantial asset is land that is located in Florida and co-owned by her husband, who has initiated divorce proceedings in Florida state court. (R. at 60-65, 80, 129.) Consequently, Florida law, which created Holland's interest in the land and will determine its fate upon the dissolution of her marriage, has the most significant relationship to this dispute.

Because Florida law is the "applicable nonbankruptcy law" in this case, the bankruptcy court's application of Illinois law to plaintiff's claimed exemption was erroneous. The court's order sustaining the trustee's objection is, therefore, reversed.[1]

---

[1] The Court expresses no opinion on whether Holland has a valid exemption under Florida law.

## Conclusion

For the foregoing reasons, the Court reverses the bankruptcy court's August 10, 2006 order, which sustained the trustee's objection to the section 522(b)(3)(B) exemption plaintiff claims for the Florida property because the property is not exempt under Illinois law.

**SO ORDERED.**  ENTERED: 3/30/07

HON. RONALD A. GUZMAN
United States District Judge